Roger G. White, Philadelphia, Pa., for plaintiff.

Thomas F. Weis, Pittsburgh, Pa., for defendant.

## OPINION

DUMBAULD, District Judge.

This case presents an interesting question with regard to jury trial, which may be worthy of appellate review.

Plaintiff, Alexander Condliff, was driver of a car in which his wife Fannie, also a plaintiff, was a passenger. Defendant, George K. Zucker, driver of the other car involved in the collision on the Pennsylvania Turnpike, brought in the husband plaintiff as a Third-Party defendant.

Plaintiff's car had stopped, due to slippery road conditions, and was struck by defendant's car, going in the same direction. There was conflict as to the position of plaintiff's car, whether it was entirely off the traveled portion of road or whether it was blocking both lanes.

The jury was unable to agree with respect to wife plaintiff's claim, and the

**Alexander CONDLIFF, and Fannie B. Condliff, Plaintiffs,**

v.

**George K. ZUCKER, Defendant.**

**Civ. A. No. 68–1438.**

United States District Court,
W. D. Pennsylvania.

Feb. 8, 1972.

Court directed a new trial with respect to her case.

With respect to husband plaintiff, the jury found for the defendant.

Upon inquiry, it developed that some of the jurors found that there was no negligence on the part of defendant, and others that there was contributory negligence on the part of the husband-plaintiff who was driving the car in which the wife-plaintiff was riding.

The jury were unanimous, however, in finding for defendant.

The question, therefore, is whether a verdict is valid which is agreed to by different jurors for different reasons.

We believe that respect for the jury as fact-finder under the Anglo-American system of jurisprudence requires that such a verdict he accepted as valid and dispositive of the case insofar as the husband-plaintiff is concerned.

■ A jury is not required to state reasons for the results it reaches. This is the teaching of the celebrated cases establishing the power of juries to bring in a general verdict in seditious libel cases. This thrilling chapter of the history of liberty is reviewed in Justice Jackson's opinion in Beauharnais v. Illinois, 343 U.S. 250, 295–297, 72 S.Ct. 725, 96 L.Ed. 919 (1952). See also Rex v. Shipley (Dean of St. Asaph's case) 21 Howell State Trials 847, 950–55, 1044 (1784); and Bushell's Case, 6 Howell State Trials 999 (1670).

Ordinarily a verdict might be agreed upon for twelve different reasons, and no one would know that each of the jurors had been impressed by different grounds for their ultimate conclusions.

■ In the case at bar, the inquiry was made because it seemed curious that the jury could agree with respect to one plaintiff but not the other. The diversity of reasons then came to light.

It seems that a jury should have the same freedom which the Supreme Court of the United States often exercises of reaching a result sustainable on differ-ent theories, none of which convinces a majority of the Court. For a good example, see National Mutual Ins. Co. v. Tidewater Transfer Co., 337 U.S. 582, 655, 69 S.Ct. 1173, 1200, 93 L.Ed. 1556 (1949) where the conclusion reached was the result of a combination of conflicting minorities among the members of the Court. As stated by Justice Frankfurter: "A substantial majority of the Court agrees that each of the two grounds urged in support of the attempt by Congress to extend diversity jurisdiction to cases involving citizens of the District of Columbia must be rejected—but not the same majority. And so, conflicting minorities in combination bring to pass a result—paradoxical as it may appear—which differing majorities of the Court find insupportable."

Accordingly, we deny plaintiff's motion for a new trial in the case of plaintiff Alexander Condliff, and enter judgment for defendant in accordance with the verdict of the jury.